## CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun County

v.

Emma V. Riley et al.

### July 30, 1993

### Case No. (Chancery) 10262

BY JUDGE JAMES H. CHAMBLIN

This suit to sell land for delinquent real estate taxes is before the Court on the exceptions of the County of Loudoun to the Report of the Commissioner in Chancery filed May 25, 1993, concerning the distribution under Section 58.1–3967 of the surplus received from the sale.

For the reasons hereinafter set forth, I am of the opinion that an owner of only a fractional interest in the land sold for delinquent real estate taxes is entitled to only the same fractional interest in the surplus as the owner had in the land. The County's exception is sustained. The owner of the fractional interest, Althea Swartz, who is the only former owner to have made a claim to the surplus under Section 58.1–3967, shall be paid a percentage of the surplus equal to her fractional interest in the land, and the balance shall be paid to the County.

In April 1986 the County filed the present suit against Emma V. Riley, whereabouts unknown, or if she be dead, then her heirs and successors in title as parties unknown. The defendants were proceeded against by order of publication, and the cause was referred to a Commissioner in Chancery in June 1986. It was determined that the land was owned by the heirs of Emma V. Riley, although the exact fractional interests appear to have never yet been determined.

Pursuant to a decree of sale entered July 8, 1987, the land was sold by a special commissioner at public auction on August 29, 1987, for $9,500.00. The sale was confirmed by decree entered September 22,

1987, and after distribution of the taxes, penalties, interests and costs under a decree entered October 29, 1987, a surplus of approximately $6,400.00 remained with the general receiver. According to the last account of the general receiver approved in January 1991 that amount had grown to $7,367.02. In his last report the Commissioner in Chancery reported that the general receiver holds approximately $9,000.00.

On June 16, 1989, Ms. Swartz filed a petition to intervene to claim her interest in the surplus under Section 58.1–3967. No other heir of Emma V. Riley asserted a claim within two years of confirmation of the sale as required by Section 58.1–3967. By decree entered July 24, 1989, Ms. Swartz was allowed to intervene and the cause was re-referred to the Commissioner in Chancery. After hearing evidence, he filed his latest report recommending that Ms. Swartz be paid all of the surplus. The County has excepted to this finding.

The Commissioner in Chancery gave no reason in his report for his finding that Ms. Swartz is entitled to all the surplus. While the rule is that a trial court should sustain the report unless it concludes that the findings are not supported by the evidence, this rule does not apply to pure conclusions of law contained in the report. *Dodge* v. *Dodge*, 2 Va. App. 238 (1986). The finding of the Commissioner in Chancery is a pure conclusion of law involving the application of a statute. I respectfully disagree with the report of the Commissioner in Chancery.

The pertinent part of Section 58.1–3967 states:

> The former owner, his heirs or assigns of any real estate sold under this article shall be entitled to the surplus received from such sale in excess of the taxes, penalties, interest, costs and any liens chargeable thereon. If no claim for such surplus is made by such former owner, his heirs or assigns, within two years after the date of confirmation of such sale, then such surplus shall be paid by the clerk of the court in which such suit was instituted to the county or city in which such real estate is located.

The paragraph refers only to "former owner" in the singular. It is worded in terms of the owner who had all the interest in the real estate sold making a claim to the surplus. It does not refer specifically to multiple ownership situations where not all of the former owners make a claim. Absent such language, the Court should look to the purpose

and intent of the paragraph in light of what would happen if it had not been enacted.

Section 58.1–3967 also provides:

> Such proceedings shall be held in accordance with the requirements, statutory or arising at common law, relative to effecting the sale of real estate by a creditor's bill in equity to subject real estate to the lien of a judgment creditor, provided, that publication, if necessary, shall be as provided by Section 8.01–321.

If the paragraph relating to a surplus had not been a part of the statute, then as in any case where land is sold to enforce a judgment lien, any surplus would be the property of the owners in the same proportions as they owned the real estate. If an owner did not come forward or his whereabouts could not be ascertained, then his share of the surplus would ultimately escheat to the Commonwealth under one of a variety of procedures depending upon how the surplus was being held. There is no rule or law that would allow only the owner or owners who come forward or whose whereabouts are known to obtain all the surplus.

Considering the general rule as to any surplus left after land is sold to enforce a judgment lien and that if a former owner cannot be located, then his share of the surplus will ultimately escheat to the Commonwealth, I am of the opinion that the paragraph of Section 58.1–3967 relating to a surplus was enacted to confirm the general rule that the former owner is entitled to the surplus and to provide for the payment of the surplus to the county or city to which the real estate taxes were owed as opposed to an ultimate escheat to the Commonwealth. It is in the nature of a reward or benefit to the county or city for having to go through the court proceeding to collect the unpaid taxes, penalty and interest.

The paragraph relating to a surplus was enacted not to change the law of property and judicial sales, but to provide a mechanism for the surplus to go to the locality collecting its real estate taxes. If it were the intent of the legislature that only the owner or owners who make a claim within the two year period are entitled to all the surplus even though they owed less than the whole of the real estate sold, then I feel that the statute should specifically provide for it. The statute does not. To allow an owner of a fractional interest to claim all the proceeds would give that owner a windfall because he would be receiving more

than he would be entitled to if the property had been sold other than by sale of delinquent tax lands.

Ms. Swartz is entitled to the same portion of the surplus as her fractional interest in the real estate when it was sold. I cannot tell from the record whether her interest has been determined. Therefore, the Court will defer ruling on her interest until counsel can be heard or otherwise agree. The balance of the surplus shall be paid to the County.